| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

TERRY LYNN NASH, §
TDCJ 1544255, §
          Plaintiff, §
 §
*versus* §   CIVIL ACTION H-10-892
 §
KAREN KEAGAN, ET AL., §
 §
          Defendants. §

## Opinion on Dismissal

Terry Lynn Nash sues Parole Officers Karen Keagan and E. Mitchell, Parole Supervisor Ann McVea, Warden L. Jenkins, Parole Director Brian Collier, and Texas Department of Criminal Justice (TDCJ) Director Brad Livingston for civil rights violations. 42 U.S.C. § 1983. Nash moves to proceed as a pauper. 28 U.S.C. § 1915.

Nash is currently held in the South Texas Intermediate Sanction Facility (ISF). Nash's claims follow. TDCJ officials sent Nash to the ISF on September 2, 2009. They have held Nash in the facility past the 180 days allowed by law. Nash seeks monetary damages, immediate release, and declaratory and injunctive relief.

A civil rights claim for damages which indirectly challenges the validity of a conviction or confinement cannot proceed unless the conviction or confinement has been overturned. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *Heck* applies to claims for injunctive relief that imply the invalidity of a conviction or sentence. *Kutzner v. Montgomery County*, 303 F.3d 339, 340-41 (5th Cir. 2002).

Nash's claim undermines the validity of his current custody. He states he has not sued in state or federal court concerning his challenged confinement. Petition, p. 2, ¶ I.A. There is no showing that the extended custody which Nash challenges has been invalidated. *Heck v. Humphrey* bars Nash's damages claims and his requests for injunctive and declaratory relief. Moreover, his claims sound in habeas corpus.

Nash should initially pursue his claims under habeas corpus jurisprudence. *Richardson v. Fleming*, 651 F.2d 366, 375 (5th Cir. 1981) (a claimant must exhaust his habeas remedies before the

court will review the civil rights aspects of the claims). However, this Court will not convert this case to a habeas corpus application because Nash has not exhausted his state court remedies on his claims. Petition, p. 2, ¶ I.A. A person in custody under the judgment of a state court must exhaust his state court remedies before applying for habeas corpus relief in federal court. 28 U.S.C. §2254(b); *Coleman v. Thompson*, 501 U.S. 722 (1991).

Nash fails to state a claim recognized at law. This case will be dismissed. The Texas Department of Criminal Justice will deduct 20% of each deposit made to Nash's inmate trust account and pay this to the court regularly, when the account exceeds $10, until the filing fee, $350, is paid. The clerk will send a copy to the Records Office of the South Texas Intermediate Sanction Facility, 1511 Preston, Houston, Texas 77002, and to the District Clerk, Three-Strikes List, 211 West Ferguson, Tyler, Texas 75702.

Signed  March 24, 2010, at Houston, Texas.

Lynn N. Hughes
United States District Judge